# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MELYNDA HUNSINGER,

        Plaintiff,

      v.

EMPOWERED STAFFING SOLUTIONS, et al.,

        Defendants.

CIVIL ACTION NO. 4:16-CV-01928

(BRANN, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Defendants Empowered Staffing Solutions and Ferdinand Cavallaro, owner thereof, on December 5, 2016. (Doc. 9). The Defendants move for dismissal on the grounds that the Plaintiff, Melynda Hunsinger, failed to properly exhaust administrative remedies as required by 42 U.S.C. § 2000e-5 in pursuit of her employment discrimination claim. (Doc. 10). Specifically, they argue Hunsinger improperly filed the requisite request for review with the EEOC's New York branch, instead of Pennsylvania, where the Defendants are located. (Doc. 10). They state that this failure resulted in a dismissal on procedural grounds with no administrative review taking place, one of the purposes for requiring exhaustion of the claims prior to court intervention. (Doc. 10).

## I.   MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Assoc'd. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

2

II.   **BACKGROUND**[1] **AND PROCEDURAL HISTORY**

On October 2, 2015, Hunsinger, along with her mother, went to Empowered Staffing Solutions ("E.S.S.") in order to fill out paperwork and complete a drug test as part of the application process for a housekeeping job at the Comfort Inn in Sayre, Pennsylvania. (Doc. 2, at 21). Hunsinger, a resident of New York, states she had been conditionally offered the job by Comfort Inn management prior to going to E.S.S. (Doc. 2, at 21). Hunsinger passed the drug test, and during an interview by agents of E.S.S. mentioned she had a disability – P.T.S.D. requiring limited hours, but otherwise not affecting her ability to perform the job. (Doc. 2, at 21). When pressed on the nature of her disability, Hunsinger refused to answer further questions on her disability by E.S.S. agents aside from the diagnosis itself. (Doc. 2, at 21). Agents expressed concern because "the owner may have a problem with the disability." (Doc. 2, at 21). After this discussion, Hunsinger left E.S.S. assured that she would be called back with a work schedule. (Doc. 2, at 21).

Hunsinger never received a call back. (Doc. 2, at 21). Hunsinger called the Comfort Inn and E.S.S., enquiring as to why she had not been hired as promised. (Doc. 2, at 21-22). Defendant Cavallaro stated Hunsinger was "not fit for the position." (Doc. 2, at 22). When pressed, Cavallaro said "you know why." (Doc. 2, at 22).

Attributing the actions and statements of the Defendants to her disability, Hunsinger, then proceeding *pro se*, filed a verified complaint with the New York State Division of Human

---

[1] Hunsinger incorporated the facts offered in her complaint filed with the New York State Division of Human Rights rather than restate them in her federal complaint. (Doc. 1, at 4-5).

Rights on October 13, 2015 against the same Defendants to this action. (Doc. 2, at 21). The Defendants responded on October 28, 2015, arguing that in fact Hunsinger's refusal to cooperate with E.S.S. caused her to be passed over for the position, not the fact that she had a disability. (Doc. 2, at 17-19). Hunsinger obtained *pro bono* counsel, who entered appearance on her behalf on January 19, 2016. (Doc. 2, at 13). On April 14, 2016, the Division of Human Rights dismissed Hunsinger's action for administrative convenience, stating that E.S.S. did not have a presence in New York and therefore the Division of Human Rights did not have jurisdiction. (Doc. 2, 11-12). The notice of dismissal stated that the Equal Employment Opportunity Commission ("E.E.O.C.") had the responsibility for enforcement of Hunsinger's claims and that she had the right to request E.E.O.C. review. (Doc. 2, at 12).

Hunsinger did just that, filing a charge with the E.E.O.C.'s New York field office on April 29, 2016. (Doc. 2, at 3-10). The Defendants, informed of such, responded on May 4, 2016, to clarify "the mischaracterization and less than candid presentation of[] the facts of this matter[.]" (Doc. 2, at 1). In this fax, the Defendants reiterated that Hunsinger was uncooperative, not that her disability itself caused her to be passed over for employment with the Comfort Inn. (Doc. 2, at 1-2). On June 23, 2016, the E.E.O.C. notified the parties that it was closing Hunsinger's case because "No jurisdiction there's no relief." (Doc. 1, at 7).

On September 21, 2016, Hunsinger, again *pro se*, filed the complaint with this Court. (Doc. 1). Attorney Campolongo entered appearance for Hunsinger on November 3, 2016. (Doc. 5). Following a grant of Hunsinger's motion to proceed *in forma pauperis*, the Defendants were served on December 1, 2016. On December 5, 2016, the Defendants filed the instant motion to dismiss, with their brief in support filed two weeks later. (Doc. 9; Doc. 10). Therein, the Defendants argue that Hunsinger failed to exhaust administrative remedies as required.

(Doc. 10, at 3-4). They state her filing in New York, and subsequent dismissal for jurisdictional grounds, precluded any administrative review contrary to the purposes for requiring an E.E.O.C. charge prior to federal action. (Doc. 10, at 3-4). Hunsinger, through counsel, answered on December 28, 2016. (Doc. 11). The matter fully briefed, the Defendants' motion is now ripe for review.

III.    **DISCUSSION**

To bring a claim under Title I of the Americans with Disabilities Act, codified 42 U.S.C. §§ 12111-17, a litigant must meet the same preliminary requirements for a claim under Title VII. *See* 42 U.S.C. § 12117(a); *Bracciale v. City of Phila.*, No. CIV. A. 97-2464, 1997 WL 672263, *8 (Oct. 29, 1997); *Wagner v. Texas A&M Univ.*, 939 F.Supp. 1297, 1309-10 (S.D. Tex. 1996). Because the trail to federal court "is so procedurally complex and because the complainant is most often without counsel at this stage, the view of this Circuit and others is to construe an aggrieved employee's attempts to exhaust administrative remedies liberally." *Gemmell v. Meese*, Civ. A. No. 85-5711, 1986 WL 6226, *2 (May 29, 1986). *See Ostapowicz v. Johnson*, 541 F.2d 394, 398 (3d Cir. 1976) ("While preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion . . . the aggrieved person is not permitted to bypass the administrative process.").

Title VII vests federal courts "with plenary powers to enforce the statutory requirements; and it specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Like in *Alexander*, the preliminary requirements imposed upon Hunsinger as a plaintiff seeking relief under Title I mandate a timely filed charge of employment discrimination with the E.E.O.C., receipt of the E.E.O.C.'s statutory notice of the right to sue and timely action

thereupon. 42 U.S.C. § 2000e-5(b), (e), and (f). The Defendants in this case argue that Hunsinger's filing in New York instead of Pennsylvania rendered the charge ineffective for the purposes of a Title I action, as the E.E.O.C. rejected her claim for a lack of jurisdiction rather than undertaking substantial conciliatory efforts. (Doc. 10, at 3-4).

Essentially, the Defendants argue that a failure to file charge with the proper E.E.O.C. field office is tantamount to not filing at all, and that as a result the preliminary requirements for federal suit are not met. The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion." *Zipes*, 455 U.S. at 393.

Extending similar logic to cases brought under the Americans with Disabilities Act, the Third Circuit declined to enforce these preliminary requirements as a jurisdictional barrier to federal courts, even for a complete lack of exhaustion as opposed to mere untimely filing, and reiterated that equitable considerations remain available. "[T]he fact that an exhaustion requirement is contained within statutory language does not mandate its jurisdictional nature." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007). The Court cited two cases in support. First, in *Waiters v. Parsons*, 729 F.2d 233, 236 (3d Cir. 1984), a plaintiff failed to undertake any pursuit of administrative remedies prior to filing her Title VII lawsuit alleging retaliation. *Wilson*, 475 F.3d at 175. The Court ultimately rejected her claim, but first dismissed the notion of the charge as a strict jurisdictional bar to federal action. *Waiters*, 729 F.2d at 236-37. In the second case cited, *Buck v. Hampton Twp. School Dist.,* 452 F.3d 256 (3d Cir. 2006), the Third

6

Circuit found that the exhaustion requirements of the ADA were prudential, despite the fact that they were statutory prerequisites to filing suit, "subject to waiver as well as tolling when equity so requires." *Buck*, 452 F.3d at 262. "Further, it seems unlikely that, although explicitly adopting Title VII's exhaustion requirements, Congress intended to change their nature from prudential to jurisdictional." *Wilson*, 475 F.3d at 175.

While not inherently a matter of timeliness, the crux of the Defendants' arguments in their motion to dismiss center upon the improper forum that Hunsinger filed her E.E.O.C. charge in, which is one of the considerations noted by the Third Circuit for pardoning faults in untimely filings. The Third Circuit has "specified three principal, though not exclusive, situations where equitable tolling may be appropriate." *Kocian v. Getty Refining & Mkt'ing. Co.*, 707 F.2d 748, 753 (3d Cir. 1983) (superseded by statute on other grounds as recognized in *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3d Cir. 1991)). "[E]quitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Kocian*, 707 F.2d at 753 (citing *School Dist. of City of Allentown v. Marshall,* 657 F.2d 16, 20 (3d Cir.1981)) (involving Toxic Substances Control Act but relying on Title VII case law) (internal citation omitted). Relying on *Elec. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976), the *Marshall* Court found the time periods imposed by statutory prerequisites to federal action operate "more like statutes of limitations than jurisdictional bars." *Marshall*, 657 F.2d at 19.

Similarly, this Court is satisfied that principles of equity govern a determination on satisfactory exhaustion by extra-jurisdictional filings with the E.E.O.C. "The filing of a charge with an equal employment administrative agency serves two important purposes: 'First, it

serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation…" *Hoffman v. R.I. Enterprises, Inc.*, 50 F.Supp.2d 393, 399 (M.D. Pa. 1999) (quoting *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)). Even though Hunsinger filed with the New York field office instead of one in Pennsylvania, it is indisputable that the Defendants were put on notice of the alleged violation given participation by counsel for the parties to the present action in discussions with the New York State Division of Human Rights and E.E.O.C. itself. (Doc. 2). Defendants claim that the second purpose of the charge has not been satisfied, as the E.E.O.C. did not review the claim on the merits and did not conduct an administrative review. (Doc. 10, at 4).

Attempt at conciliation is a prerequisite to suits brought by the E.E.O.C., not by an individual plaintiff. "[T]he law is clear that Title VII requires only that the Commission have an opportunity to bring about a voluntary settlement; there is no requirement that conciliation efforts even take place . . ." *Lo Re v. Chase Manhattan Corp.*, 431 F.Supp. 189, 194 (S.D. N.Y. 1977). "[A] Defendant does not have a right under the statute to conciliation attempts by the agency. A civil suit will lie even where the EEOC has failed to give defendant notice of the charge or has failed to attempt to reconcile the parties either because of administrative failure or because of its finding of no reasonable cause." *Hicks v. ABT Assoc's., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (citing *Gamble v. Birmingham S. Ry. Co.*, 514 F.2d at 688-89). *See also Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 863 (3d Cir. 1977) ("failure of the E.E.O.C. . . . to attempt conciliation is not a bar to suit by the aggrieved employee."). The Court is unable to determine the extent of any investigation that did or did not take place. The only E.E.O.C. filing contained in the documents available for consideration on the motion to dismiss is the right to sue letter closing Hunsinger's file for want of jurisdiction on June 23, 2016. (Doc. 1, at 7).

Even were the Court to assume that no investigation took place, it is clear that Hunsinger's attempts to create the investigation are satisfactory for exhaustion purposes. Per 29 C.F.R. § 1601.13(a)(4), charges filed with the E.E.O.C. should be referred to the appropriate state agency possessing jurisdiction, where such a state agency exists. A charge may be filed with any office of the Commission, not solely with the most local field office, and still be effective. *See* 29 C.F.R. § 1601.8.[2] Hunsinger's filing with the New York field office as opposed to Pennsylvania therefore has no preclusive effect on the adequacy of the charge, as it should have been referred to an appropriate Pennsylvania fair employment agency should the E.E.O.C. determine the existence of a Pennsylvania agency with subject matter jurisdiction over the claim. *See* 29 C.F.R. § 1601.13(a)(4).

Regardless of the reason this did not happen, it is clear that both parties knew of the nature of Hunsinger's allegations and that, in some capacity, the E.E.O.C. had the opportunity to undertake conciliatory efforts, further evidenced by all parties' submission of the facts and merits of the case to the Commission. (Doc. 2). Hunsinger's filing satisfied the exhaustion requirement for a Title I action, and both purposes for the preliminary requirement of filing a charge with the E.E.O.C. were satisfied by Hunsinger's efforts. Thus, it is recommended that Defendants' motion to dismiss for a failure to exhaust be **DENIED**.

---

[2] The charge will still be considered effective, though a filing in a different jurisdiction from the one where the alleged discrimination took place could affect the statute of limitations period available. *See Adams v. Cal-Ark Intern, Inc.*, 159 F.Supp.2d 402, 408 (E.D. Tex. 2001). The Defendants have not challenged the timeliness of Hunsinger's actions at any step of the proceedings and the Court does not consider them now.

IV.    **RECOMMENDATION**

Based on the foregoing, the Court respectfully recommends that the Defendants' motion to dismiss (Doc. 9) be **DENIED** and the Defendants ordered to file an answer to the complaint (Doc. 1) within 21 days of the adoption of this Report and Recommendation.

Dated: June 15, 2017                                    s/ Karoline Mehalchick
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELYNDA HUNSINGER,<br><br>        Plaintiff,<br><br>        v.<br><br>EMPOWERED STAFFING SOLUTIONS,<br>et al.,<br><br>        Defendants | CIVIL ACTION NO. 4:16-CV-01928<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 15, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 15, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**